**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | DOCKET NO. 5:21-CR-**70** - **KDB** |
| **v.** | **UNDER SEAL** |
| | **BILL OF INDICTMENT** |
| | Violations: |
| **(2) CHARLES RAY HILDEBRAN** | 18 U.S.C. § 2 |
| | 18 U.S.C. § 922(g)(1) |
| | 18 U.S.C. § 924(c) |
| **(3) PHILLIP ANTHONY GODFREY** | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 846 |
| **(4) JEFFREY BEN PAVKOVICH** | |
| | |
| **(5) BRITTON NICOLE METCALF** | |
| | |
| **(6) BILLY DEAN POTTER** | |
| | |

**THE GRAND JURY CHARGES:**

**COUNT ONE**

From as early as 2018 through the date of the indictment, in Buncombe, Burke, Catawba, and McDowell Counties, within the Western District of North Carolina and elsewhere, the defendants,

**(2) CHARLES RAY HILDEBRAN**

1

## (3) PHILLIP ANTHONY GODFREY
## (4) JEFFREY BEN PAVKOVICH
## (5) BRITTON NICOLE METCALF
## (6) BILLY DEAN POTTER

did knowingly and intentionally conspire and agree with each other and with other persons, known and unknown to the Grand Jury, to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and methamphetamine (actual), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Quantity of Methamphetamine (Actual) Involved in Count One

It is further alleged that, with respect to the offense charged in Count One, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, is attributable to, and was reasonably foreseeable by the defendants,

**(2) CHARLES RAY HILDEBRAN, (3) PHILLIP ANTHONY GODFREY, (4) JEFFREY BEN PAVKOVICH, (5) BRITTON NICOLE METCALF, (6) BILLY DEAN POTTER, and**

Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to, **(2) CHARLES RAY HILDEBRAN, (3) PHILLIP ANTHONY GODFREY, (4) JEFFREY BEN PAVKOVICH, (5) BRITTON NICOLE METCALF, (6) BILLY DEAN POTTER, and**

### Quantity of Mixture and Substance Containing Methamphetamine Involved in Count One

It is further alleged that, with respect to the offense charged in Count One, five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, is attributable to, and was reasonably foreseeable by the defendants, **(2) CHARLES RAY HILDEBRAN, (3) PHILLIP ANTHONY GODFREY, (4) JEFFREY BEN PAVKOVICH, (5) BRITTON NICOLE METCALF, (6) BILLY DEAN POTTER, and**

Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to, **(2) CHARLES RAY HILDEBRAN, (3)**

2

**PHILLIP ANTHONY GODFREY, (4) JEFFREY BEN PAVKOVICH, (5) BRITTON NICOLE METCALF, (6) BILLY DEAN POTTER, and** ▮

## COUNT TWO

On or about January 1, 2019, in Catawba County, within the Western District of North Carolina and elsewhere, the defendant,

### (4) JEFFREY BEN PAVKOVICH,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT THREE

On or about January 22, 2020, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

### (3) PHILLIP ANTHONY GODFREY,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FOUR

On or about January 22, 2020, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

### (3) PHILLIP ANTHONY GODFREY,

did knowingly and unlawfully possess one or more firearms in furtherance of a drug trafficking crime, that is, possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841, as charged in Count Three of this Bill of Indictment, for which the defendant may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A).

3

## COUNT FIVE

On or about February 17, 2020, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

## (5) BRITTON NICOLE METCALF,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT SIX

On or about February 17, 2020, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

## (5) BRITTON NICOLE METCALF,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and unlawfully possess one or more firearms in furtherance of a drug trafficking crime, that is, possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841, as charged in Count Five of this Bill of Indictment, for which the defendant may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about February 17, 2020, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

## (5) BRITTON NICOLE METCALF,

knowing that she had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms, that is, a Ruger, model AR-556, 5.56 caliber rifle, a Smith and Wesson, model 36, .38 caliber revolver, and a Savage, model Axis, 6.5mm rifle, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

4

## COUNT EIGHT

On or about June 9, 2020, in Burke County, within the Western District of North Carolina, and elsewhere, the defendant,

### (2) CHARLES RAY HILDEBRAN,

did knowingly and intentionally distribute a controlled substance, that is, five (5) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT NINE

On or about June 9, 2020, in Burke County, within the Western District of North Carolina, and elsewhere, the defendants,

### (2) CHARLES RAY HILDEBRAN
### (5) BRITTON NICOLE METCALF,

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute a controlled substance, that is, five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT TEN

On or about June 12, 2020, in Burke County, within the Western District of North Carolina, and elsewhere, the defendant,

### (2) CHARLES RAY HILDEBRAN,

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual) or five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

5

## COUNT ELEVEN

On or about June 12, 2020, in Burke County, within the Western District of North Carolina, and elsewhere, the defendant,

## (2) CHARLES RAY HILDEBRAN,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual) or five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT TWELVE

On or about June 12, 2020, in Burke County, within the Western District of North Carolina, and elsewhere, the defendant,

## (2) CHARLES RAY HILDEBRAN,

did knowingly and unlawfully possess one or more firearms in furtherance of a drug trafficking crime, that is, possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841, as charged in Count Eleven of this Bill of Indictment, for which the defendant may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A).

6

## COUNT THIRTEEN

On or about June 12, 2020, in Burke County, within the Western District of North Carolina, and elsewhere, the defendant,

## (2) CHARLES RAY HILDEBRAN,

knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms, that is,

1. a SCCY, model CPX1, 9mm pistol;
2. a Smith and Wesson, model 60-7, .38 caliber revolver;
3. a Taurus, model TH9, 9mm pistol;
4. a Glock, model 48, 9mm pistol;
5. a Taurus, model 605, .357 caliber revolver;
6. a Glock, model 19, 9mm pistol;
7. a Canik, model TP9SFX, 9mm pistol;
8. a Sig Sauer, model P290, 9mm pistol;
9. a Remingtion, model 587, .22 caliber rifle;
10. an Intratec, model Tec-DC9, 9mm pistol;
11. a Smith and Wesson, model M & P 15-22, .22 caliber rifle;
12. a Smith and Wesson, model 1000, 12 gauge shotgun; and,
13. a Hi-Point, model 955, 9mm rifle,

in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOURTEEN

On or about August 11, 2020, in McDowell County, within the Western District of North Carolina, and elsewhere, the defendant,

## (5) BRITTON NICOLE METCALF,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

7

## COUNT FIFTEEN

On or about August 25, 2020, in Catawba County, within the Western District of North Carolina and elsewhere, the defendant,

### (4) JEFFREY BEN PAVKOVICH,

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SIXTEEN

On or about August 26, 2020, in Catawba County, within the Western District of North Carolina and elsewhere, the defendant,

### (4) JEFFREY BEN PAVKOVICH,

did knowingly and unlawfully possess one or more firearms in furtherance of a drug trafficking crime, that is, distribute a controlled substance, in violation of Title 21, United States Code, Section 841, as charged in Count Fifteen of this Bill of Indictment, for which the defendant may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT SEVENTEEN

On or about August 26, 2020, in Catawba County, within the Western District of North Carolina and elsewhere, the defendant,

### (4) JEFFREY BEN PAVKOVICH,

knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms, that is, a Smith and Wesson, model 19-4, .357 caliber revolver and a Taurus, model G2C, .40 caliber pistol, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

8

## COUNT EIGHTEEN

On or about August 26, 2020, in Catawba County, within the Western District of North Carolina and elsewhere, the defendant,

### (3) PHILLIP ANTHONY GODFREY,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual) or five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT NINETEEN

On or about September 1, 2020, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

### (3) PHILLIP ANTHONY GODFREY,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, five (5) grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT TWENTY

On or about September 1, 2020, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

### (3) PHILLIP ANTHONY GODFREY,

did knowingly and unlawfully possess one or more firearms in furtherance of a drug trafficking crime, that is, possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841, as charged in Count Nineteen of this Bill of Indictment, for which the defendant may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A).

9

### COUNT TWENTY-ONE

On or about October 6, 2020, in Burke County, within the Western District of North Carolina, and elsewhere, the defendant,

### (6) BILLY DEAN POTTER,

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

### COUNT TWENTY-TWO

On or about October 16, 2020, in Burke County, within the Western District of North Carolina and elsewhere, the defendants,



aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual) or five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### COUNT TWENTY-THREE

On or about October 21, 2020, in Burke County, within the Western District of North Carolina, and elsewhere, the defendant,

### (6) BILLY DEAN POTTER,

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

10

## COUNT TWENTY-FOUR

On or about November 25, 2020, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

### (6) BILLY DEAN POTTER,

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations;

c. All firearms or ammunition involved or used in such violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

1. approximately $1,677 in United States currency seized on or about January 1, 2019 from Jeffrey Ben Pavkovich;

2. a Taurus, model G3, 9mm pistol and approximately $3,858 in United States currency seized on or about January 22, 2020 from Phillip Anthony Godfrey;

3. a Ruger, model AR-556, 5.56 caliber rifle, a Smith and Wesson, model 36, .38 caliber revolver, and a Savage, model Axis, 6.5mm rifle, and approximately $5,065 in United States currency seized on or about February 17, 2020 from Britton Nicole Metcalf;

4. a SCCY, model CPX1, 9mm pistol, a Smith and Wesson, model 60-7, .38 caliber revolver, a Taurus, model TH9, 9mm pistol, a Glock, model 48, 9mm pistol, a Taurus, model 605, .357 caliber revolver, a Glock, model 19, 9mm pistol, a Canik, model TP9SFX, 9mm pistol, a Sig Sauer, model P290, 9mm pistol, a Remington, model 587, .22 caliber rifle, an Intratec, model Tec-DC9, 9mm pistol, a Smith and Wesson, model M & P 15-22, .22 caliber rifle, a Smith and Wesson, model 1000, 12 gauge shotgun, a Hi-Point, model 955, 9mm rifle, and $49,408.28 in United States currency seized on or about June 12, 2020 from Charles Ray Hildebran;

5. a Smith & Wesson, model 19-4, .357 Magnum revolver, a Taurus G2C pistol, and $16,994 in United States currency seized on or about August 27, 2020 from Jeffrey Ben Pavkovich; and,

6. a Colt .25 caliber handgun and approximately $25,644 in United States currency seized on or about September 1, 2020 from Phillip Anthony Godfrey.

A TRUE BILL:

FOREPERSON

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

CHRISTOPHER S. HESS
ASSISTANT UNITED STATES ATTORNEY